### UNITED STATES DISTRICT COURT
### NORTHERN  DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | 08 CV 2574 |
| | ) | |
| WILLIAM KLERONOMOS, individually and | ) | Judge St. Eve |
| d/b/a PLUSH CHICAGO; and | ) | |
| PLUSH CHICAGO, | ) | Magistrate Brown |
| Defendants. | ) | |

## WILLIAM KLERONOMOS AND PLUSH CHICAGO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

The Defendants, WILLIAM KLERONOMOS, individually and "d/b/a PLUSH CHICAGO" and "PLUSH CHICAGO" (collectively hereafter referred to as "Defendants") by and through their attorney, John Joseph Sopata, hereby submits the following Answer and Affirmative Defenses to the Complaint ("Complaint") submitted by Plaintiff, J&J SPORTS PRODUCTIONS, INC.:

### ANSWER

All allegations not expressly admitted are denied.

### JURISDICTION

1.    Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, et seq., and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, et seq.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

2.    This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

3.    This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiff's rights

as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The Defendants wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Illinois.

**ANSWER:** Defendants deny the allegations in this paragraph.

## VENUE

4.    Pursuant to 47 U.S.C. Section 605, venue is proper in the Northern District of Illinois, Eastern Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to

the truth of the averments of this paragraph.

## INTRADISTRICT ASSIGNMENT

5.    Assignment to the Eastern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Moline County.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to

the truth of the averments of this paragraph.

## THE PARTIES

6.    The Plaintiff, J&J SPORTS PRODUCTIONS, is and at all relevant times mentioned, was a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to

the truth of the averments of this paragraph.

7.    The Plaintiff is informed and believes and alleges thereon that at the time of the occurrence, that defendant, PLUSH CHICAGO was a business entity, having its principal place of business at1104 W. Madison, Chicago, Illinois.

**ANSWER:** Defendants deny the allegations in this paragraph.

8.    The Plaintiff is informed and believes and alleges thereon that defendant, WILLIAM KLERONOMOS is an individual and the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of a business entity PLUSH CHICAGO.

2

**ANSWER:** Defendants deny the allegations in this paragraph.

<u>COUNT I</u>
(Violation of 47 U.S.C. Section 605)

9.     Plaintiff, J&J SPORTS PRODUCTIONS, hereby incorporates by reference all of the
       allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

**ANSWER:** Defendants hereby incorporate by reference all of the Answers contained in

paragraphs 1-8, inclusive, as though set forth herein.

10.    By contract, Plaintiff, J&J SPORTS PRODUCTIONS, paid for and was thereafter
       granted the exclusive nationwide television distribution rights to *"Danger Zone": The
       Oscar De La Hoya v. Ricardo Mayorga Championship Fight Program*, which took place
       on May 6, 2006 (this included all under-card bout and fight commentary encompassed in
       the television broadcast of the event, hereinafter referred to as the "Program").

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to

the truth of the averments of this paragraph.

11.    Pursuant to contract J&J SPORTS PRODUCTIONS, entered into subsequent
       sublicensing agreements with various commercial entities throughout North America,
       including entities within the State of Illinois, by which it granted these entities limited
       sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons
       within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns,
       restaurants social clubs, etc.).

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to

the truth of the averments of this paragraph.

12.    As a commercial distributor of sporting events, including the Program, Plaintiff J&J
       SPORTS PRODUCTIONS expended substantial monies marketing, advertising,
       promoting, administering and transmitting the Program to its customers, the
       aforementioned commercial entities.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to

the truth of the averments of this paragraph.

3

13.    With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

**ANSWER:** Defendants deny the allegations in this paragraph.

14.    47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to

the truth of the averments of this paragraph.

15.    By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, <u>et seq.</u>

**ANSWER:** Defendants deny the allegations in this paragraph.

16.    By reason of the defendants' violation of 47 U.S.C. Section 605, <u>et seq.,</u> Plaintiff J&J SPORTS PRODUCTIONS, has the private right of action pursuant to 47 U.S.C. Section 605.

**ANSWER:** Defendants deny the allegations in this paragraph.

17.    As the result of the aforementioned defendant's violation of 47 U.S.C. Section 605, and pursuant said Section 605, Plaintiff J&J SPORTS PRODUCTIONS, is entitled to the following from each defendant:

    (a)    Statutory damages for each willful violation in an amount of $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii);

    (b)    Statutory damages in the amount of Ten Thousand Dollars pursuant to 47 U.S.C. 605 (e)(3)(C)(i)(II); and

    (c)    The Recovery of full costs, including reasonable attorneys' fees pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

4

**ANSWER:** (a) Defendants deny the allegations in this paragraph. (b) Defendants deny the

allegations in this paragraph. (c) Defendants deny the allegations in this

paragraph.

COUNT II
(Violation of 47 U.S.C. Section 553)

18.   Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-
      17, inclusive, as though set forth herein at length.

**ANSWER:** Defendants hereby incorporate by reference all of the Answers contained in

paragraphs 1-17, inclusive, as though set forth herein.

19.   The unauthorized interception, exhibition, publication and divulgence of the Program by
      each of above-named defendants are prohibited by 47 U.S.C. Section 553 et seq.

**ANSWER:** Defendants deny the allegations in this paragraph.

20.   By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each
      of them, violated 47 U.S.C. Section 553, et seq.

**ANSWER:** Defendants deny the allegations in this paragraph.

21.   By reason of the defendants' violation of 47 U.S.C. Section 553, et seq., J&J SPORTS
      PRODUCTIONS, has the private right of action pursuant to 47 U.S.C. Section 553.

**ANSWER:** Defendants deny the allegations in this paragraph.

22.   As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553 and
      pursuant to said Section 553, Plaintiff is entitled to the following from each defendant:

      (a)   Statutory damages in the amount of Ten Thousand Dollars ($10,000.00)
            pursuant to § 553(c)(3)(A)(ii);

      (b)   Statutory damages for willfulness in the amount of Fifty Thousand Dollars
            ($50,000.00), pursuant to § 553(c)(3)(B);

      ( c ) Full costs and expenses of this action, including reasonable attorney's
            fees, pursuant to § 553(c)(2)

5

**ANSWER:** (a) Defendants deny the allegations in this paragraph. (b) Defendants deny the allegations in this paragraph. (c) Defendants deny the allegations in this paragraph.

## COUNT III
(Conversion)

23.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-22 inclusive, as though set forth herein at length.

**ANSWER:** Defendants hereby incorporate by reference all of the Answers contained in paragraphs 1-22, inclusive, as though set forth herein.

24.    By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

**ANSWER:** Defendants deny the allegations in this paragraph.

25.    The aforesaid acts of each of the defendants were willful, malicious and intentionally designed to harm the Plaintiff J&J SPORTS PRODUCTIONS and to subject said Plaintiff to economic distress.

**ANSWER:** Defendants deny the allegations in this paragraph.

26.    Accordingly, Plaintiff is entitled to both compensatory, as well as punitive damages from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

**ANSWER:** Defendants deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer, and without admitting any allegations that are not otherwise expressly admitted, Defendants assert and aver the following Affirmative Defenses to Plaintiff's Complaint:

6

### First Affirmative Defense

Defendants have fully performed under the terms and conditions of their agreement with Dish Network, the provider of the pay television service to the subject establishment, broadcaster of the event, and agent of Plaintiff. Specifically, prior to May 2006, Dish Network installed the pay television equipment and lines to the restaurant and lounge with full knowledge that it was serving a commercial business. On or about May 6, 2006, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006. Said payment was received by Dish Network on or about June 18, 2006. Record of the payment is attached as Defendants Exhibit 1.

### Second Affirmative Defense

Plaintiff is barred from recovery by virtue of the doctrine of satisfaction and accord. Specifically, prior to May 2006, Dish Network installed the pay television equipment and lines to the restaurant and lounge with full knowledge that it was serving a commercial business. On or about May 6, 2006, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006. Said payment was received by Dish Network on or about June 18, 2006. Record of the payment is attached as Defendants Exhibit 1.

### Third Affirmative Defense

Plaintiff is barred from recovery by the doctrine of estoppel because Plaintiff made representations to Defendants and Defendants acted on the representations to their detriment. Specifically, prior to May 2006, Dish Network installed the pay television equipment and lines to the restaurant and lounge with full knowledge that it was serving a commercial business. On or about May 6, 2006, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006. Said payment was received by Dish Network on or about June 18, 2006. Record of the payment is attached as Defendants Exhibit 1.

### Fourth Affirmative Defense

Plaintiff is barred from recovery by the doctrine of waiver because Plaintiff voluntarily relinquished its right to charge the restaurant and lounge a higher rate than that which was charged when the automated service accepted the order. Specifically, prior to May 2006, Dish Network installed the pay television equipment and lines to the restaurant and lounge with full knowledge that it was serving a commercial business. On or about May 6, 2006, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006. Said payment was received by Dish Network on or about June 18, 2006. Record of the payment is attached as Defendants Exhibit 1.

8

## **Fifth Affirmative Defense**

Plaintiff's complaint does not set forth sufficient facts to allow Defendants to determine all potential affirmative defenses.  Accordingly, Defendants reserve the right to assert additional defenses when such information is ascertained through discovery and further investigation.

Respectfully submitted,

WILLIAM KLERONOMOS, et al

John Joseph Sopata

John Joseph Sopata
Attorney at Law
221 N. LaSalle, Suite 1600
Chicago, IL 60601
Tel. (312) 580-1000

9

08 CV 2574

# EXHIBIT 1

4370

**PLUSH RESTAURANT LOUNGE**
1104 WEST MADISON STREET
CHICAGO, IL 60607
PH. (312) 491-9800

AMERICAN CHARTERED BANK
CHICAGO, IL 60607
70-2504-719

6/18/06

Pay to the order of _____ Dish netwoek _____ $ 283 ⁸⁸

_____ two hundred Seventy hee ⁸⁸/₀₀ _____ DOLLARS

MEMO _____

⑈004370⑈ ⑆071925046⑆ ⑈119908 2⑈

---

PLUSH RESTAURANT LOUNGE                                      4370

payed
over
phone

6/18/06
Dish netwoot — satellite
April, may, june.
$ 283⁸⁸

---

PLUSH RESTAURANT LOUNGE                                      4370

PAYMENT RECORD

DELUXE BUSINESS FORMS  1+800-328-0304  www.deluxeforms.com