## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **08 CV 2574** |
| | ) | |
| **WILLIAM KLERONOMOS, individually and** | ) | **Judge St. Eve** |
| **d/b/a PLUSH CHICAGO; and** | ) | |
| **PLUSH CHICAGO,** | ) | **Magistrate Brown** |
| **Defendants.** | ) | |

## WILLIAM KLERONOMOS AND PLUSH CHICAGO'S RESPONSES TO J&J SPORTS PRODUCTIONS, INC.'S REQUESTS FOR ADMISION

NOW COMES the Defendants, WILLIAM KLERONOMOS, individually and "d/b/a PLUSH

CHICAGO" and "PLUSH CHICAGO" (collectively hereafter referred to as "Defendants") by and

through their attorney, John Joseph Sopata, and, pursuant to Rule 36 of the Federal Rules of Civil

Procedure and in response to the REQUESTS FOR ADMISSION issued by the Plaintiff, J&J

SPORTS PRODUCTIONS, INC., ("J&J SPORTS"), hereby states as follows:

### RESPONSES

*1) YOU did not order the EVENT for the ESTABLISHMENT from J&J SPORTS PRODUCTIONS, INC.*

**RESPONSE:** Admitted. Further answering, Defendants admit the EVENT was shown at the ESTABLISMENT and paid for under the circumstances set forth in the Answer and Affirmative Defenses. Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

*2) Neither YOU nor anyone else ordered the EVENT for the ESTABLISHMENT from J&J SPORTS PRODUCTIONS, INC.*

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of whether or not "anyone else" ordered the EVENT from J&J SPORTS PRODUCTIONS, INC., to the extent that Defendants do not know what "anyone else" did, and, therefore, deny this admission

1

request. Further answering, Defendants admit the EVENT was shown at the ESTABLISMENT and paid for under the circumstances set forth in the Answer and Affirmative Defenses. Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

3) *YOU did not pay a licensing fee for the EVENT for the ESTABLISHMENT to J&J SPORTS PRODUCTIONS, INC.*

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of whether or not a licensing fee was paid to J&J SPORTS PRODUCTIONS, INC., to the extent that Defendants do not know what entities ultimately received the monies Defendants paid for the EVENT and, therefore, deny this admission request. Further answering, Defendants admit the EVENT was shown at the ESTABLISMENT and paid for under the circumstances set forth in the Answer and Affirmative Defenses. Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

4) *Neither YOU or nor anyone else paid a licensing fee for the EVENT for the ESTABLISHMENT to J&J SPORTS PRODUCTIONS, INC.*

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of whether or not a licensing fee was paid by "anyone else" to J&J SPORTS PRODUCTIONS, INC., to the extent that Defendants do not know what "anyone else" did with the monies Defendants paid for the EVENT and, therefore, deny this admission request. Further answering, Defendants admit the EVENT was shown at the ESTABLISMENT and paid for under the circumstances set forth in the Answer and Affirmative Defenses. Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

5) *YOU did not order the EVENT for the ESTABLISHMENT from any other authorized party with intention of paying J&J SPORTS PRODUCTIONS, INC., for the telecast of the EVENT.*

**RESPONSE:** Regarding the first assertion of this admission request, Defendants deny they "did not order the EVENT for the ESTABLISHMENT from any other authorized party." Further answering, Defendants admit the EVENT was shown at the ESTABLISMENT and paid for under the circumstances set forth in the Answer and Affirmative Defenses. Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for

the period including May 2006.  Regarding the second assertion of this admission request, Defendants lack knowledge or information sufficient to form a belief as to the truth of whether or not a licensing fee was paid to J&J SPORTS PRODUCTIONS, INC., to the extent that Defendants do not know what ultimately happened with the monies Defendants paid Dish Network for the EVENT and, therefore, deny this admission request.  Further answering, Defendants admit the EVENT was shown at the ESTABLISMENT and paid for under the circumstances set forth in the Answer and Affirmative Defenses.  Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network.  Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

6) *Neither YOU nor anyone else ordered the EVENT for the ESTABLISHMENT from any other authorized party with the intention of paying, J&J SPORTS PRODUCTIONS, INC., for the telecast of the EVENT.*

**RESPONSE:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of whether or not "anyone else" ordered the EVENT, to the extent that Defendants do not know what "anyone else" did, and, therefore, deny this admission request.  Further answering, Defendants admit the EVENT was shown at the ESTABLISMENT under the circumstances set forth in the Answer and Affirmative Defenses.  Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network.  Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

7) *YOU intercepted the broadcast of the EVENT.*

**RESPONSE:**  Denied.

8) *YOU broadcast the EVENT in the ESTABLISHMENT.*

**RESPONSE:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of whether or not the ESTABLISHMENT "broadcast" the EVENT, to the extent that the Defendants do not know what is meant by "broadcast," and, therefore, deny this admission request.  Further answering, Defendants admit the EVENT was shown at the ESTABLISMENT under the circumstances set forth in the Answer and Affirmative Defenses.  Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network.  Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

9) *In advance of the EVENT, YOU advertised that the EVENT would be telecast within the ESTABLISHMENT.*

3

**RESPONSE:** Denied.

*10) The EVENT was shown in the ESTABLISHMENT on May 6, 2006.*

**RESPONSE:** Defendants admit the EVENT was shown at the ESTABLISMENT under the circumstances set forth in the Answer and Affirmative Defenses. Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

*11) YOU were aware that a fee had to be paid to J&J SPORTS PRODUCTIONS, INC., in order to telecast the EVENT in the ESTABLISHMENT.*

**RESPONSE:** Denied.

*12) YOU were aware that a licensing fee had to be paid to J&J SPORTS PRODUCTIONS, INC., in order to telecast the EVENT in the ESTABLISHMENT.*

**RESPONSE:** Denied.

*13) YOU know the patrons or clientele of the ESTABLISHMENT watched the EVENT on the premises on May 6, 2006.*

**RESPONSE:** Denied.

*14) On May 6, 2006, the ESTABLISHMENT required its patrons or clientele to pay a cover charge or other fee to enter the ESTABLISHMENT's premises.*

**RESPONSE:** Denied.

*15) During the three (3) years prior to May 6, 2006, the ESTABLISHMENT has broadcast professional boxing matches other than the EVENT.*

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of whether or not the ESTABLISHMENT had shown professional boxing matches prior to May 6, 2006, and, therefore, deny this admission request.

*16) The EVENT was received in the ESTABLISHMENT because a residential cable service was diverted into the ESTABLISHMENT.*

**RESPONSE:** Denied.

17) *The EVENT was received in the ESTABLISHMENT because an illegal decoder was used in the ESTABLISHMENT.*

**RESPONSE:** Denied.

18) *The EVENT was received in the ESTABLISHMENT because residential satellite service was diverted into the ESTABLISHMENT.*

**RESPONSE:** Denied.

19) *The EVENT was received in the ESTABLISHMENT because YOU used a satellite access card programmed to enable to receive satellite service without proper authorization or payment.*

**RESPONSE:** Denied.

20) *The EVENT was received in the ESTABLISHMENT because YOU employed some means to intercept or receive the EVENT than paying J&J SPORTS PRODUCTIONS, INC., for the right to receive the EVENT.*

**RESPONSE:** Denied.

21) *The EVENT was received at the ESTABLISHMENT because YOU ordered the EVENT from a programming provider (i.e., cable company, Dish Network, Direct TV) and paid the provider the residential license fee for the EVENT.*

**RESPONSE:** Defendants admit the EVENT was shown at the ESTABLISMENT and paid for under the circumstances set forth in the Answer and Affirmative Defenses. Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

22) *YOU are an owner of the ESTABLISHMENT.*

**RESPONSE:** Denied.

23) *YOU are the manager of the ESTABLISHMENT.*

**RESPONSE:** Admitted.

24) *YOU are an officer of the entity owning the ESTABLISHMENT.*

5

**RESPONSE:** Admitted.

    *25) YOU were inside the ESTABLISHMENT on the night of the EVENT.*

**RESPONSE:** Admitted.

    *26) YOU were present inside the ESTABLISHMENT during the EVENT.*

**RESPONSE:** Admitted.

    *27) The persons at the ESTABLISHMENT serving as bartenders, and/or the manager, act as agents on YOUR behalf.*

**RESPONSE:** Denied.

    *28) The television monitors within the ESTABLISHMENT exist for the viewing pleasure of the ESTABLISHMENT's patrons.*

**RESPONSE:** Admitted.

    *29) The ESTABLISHMENT exhibits television programming that is believed to be of interest to the ESTABLISHMENT's patrons.*

**RESPONSE:** Admitted.

    *30) The EVENT was exhibited or broadcast at the ESTABLISHMENT for YOUR financial gain.*

**RESPONSE:** Denied.

    *31) YOU willfully exhibited the broadcast of the EVENT at the ESTABLISHMENT.*

**RESPONSE:** Defendants admit the EVENT was shown at the ESTABLISMENT under the circumstances set forth in the Answer and Affirmative Defenses. Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

    *32) YOU intentionally exhibited the broadcast of the EVENT at the ESTABLISHMENT.*

**RESPONSE:** Defendants admit the EVENT was shown at the ESTABLISMENT under the circumstances set forth in the Answer and Affirmative Defenses. Specifically, Defendants, in good faith, ordered the pay-per-view event via a telephone call to an automated system provided by Dish

Network. Plaintiff, or its agent, Dish Network, thereafter accepted payment electronically via telephone as check number 4370 in the amount of $283.87 for pay television services provided for the period including May 2006.

*33) By broadcasting the EVENT, YOU willfully injured J&J SPORTS PRODUCTIONS, INC.*

**RESPONSE:** Denied.

*34) YOU obtained the telecast of the EVENT by illegal means.*

**RESPONSE:** Denied.

*35) YOU knew that the ESTABLISHMENT was not authorized to broadcast or exhibit the EVENT.*

**RESPONSE:** Denied.

*36) YOU knew that the ESTABLISHMENT did not obtain a commercial license to broadcast or exhibit the EVENT.*

**RESPONSE:** Denied.

*37) YOU knew that the ESTABLISHMENT was not authorized to broadcast or exhibit the EVENT.*

**RESPONSE:** Denied.

*38) YOU intended to broadcast the EVENT while avoiding payment of the commercial licensing fee.*

**RESPONSE:** Denied.

*39) YOU intentionally broadcast the EVENT by deception.*

**RESPONSE:** Denied.

*40) YOU intentionally secured the telecast of the EVENT by deception.*

**RESPONSE:** Denied.

*41) YOUR net worth (fair market of assets less fair market value of liabilities) exceeds one million ($1,000,000.00) dollars.*

**RESPONSE:** Denied.

42) *YOU owe Plaintiff reasonable attorneys' fees for the prosecution of this lawsuit.*

**RESPONSE:** Denied.

43) *YOU owe J&J SPORTS PRODUCTIONS, INC., forty thousand dollars ($40,000.00) as reasonable and necessary attorneys' fees for the prosecution of this lawsuit.*

**RESPONSE:** Denied.

44) *YOU owe J&J SPORTS PRODUCTIONS, INC., Ten Thousand and 00/1 00 Dollars ($10,000.00) as reasonable and necessary attorneys' fees in if YOU file an unsuccessful postjudgment, pre-appeal motion, including, but not limited to, a motion for a new trial or motion for reconsideration.*

**RESPONSE:** Denied.

45) *YOU owe J&J SPORTS PRODUCTIONS, INC., Fifteen Thousand and 00/100 Dollars ($15,000.00) as reasonable and necessary attorneys' fees if YOU file an unsuccessful Bill of Review regarding this suit.*

**RESPONSE:** Denied.

46) *YOU owe J&J SPORTS PRODUCTIONS, INC., Fifteen Thousand and 00/100 Dollars ($15,000.00) as reasonable and necessary attorneys' fees if YOU file an unsuccessful appeal to the Court of Appeals.*

**RESPONSE:** Denied.

47) *YOU owe J&J SPORTS PRODUCTIONS, INC., Two Thousand Five Hundred and 00/100 Dollars ($2,500.00) as reasonable and necessary attorneys' fees if YOU file an unsuccessful motion for rehearing in the Court of Appeals.*

**RESPONSE:** Denied.

48) *YOU owe J&J SPORTS PRODUCTIONS, INC., Five Thousand and 00/100 Dollars ($5,000.00) as reasonable and necessary attorneys' fees if YOU file an unsuccessful petition or appeal to the California Supreme Court.*

**RESPONSE:** Denied.

49) *YOU owe J&J SPORTS PRODUCTIONS, INC., Ten Thousand and 00/1 00 Dollars*

*($10,000.00) as reasonable and necessary attorneys' fees if the California Supreme Court accepts YOUR petition for review of appeal, but such petition for review or appeal does not result in reversal of the judgment rendered herein.*

**RESPONSE:**  Denied.

*50) YOU owe J&J SPORTS PRODUCTIONS, INC., Two Thousand Five Hundred and 00/100 Dollars ($2,000.00) as reasonable and necessary attorneys' fees if YOU file an unsuccessful motion for rehearing or reconsideration in the California Supreme Court.*

**RESPONSE:**  Denied.

*51) YOU owe J&J SPORTS PRODUCTIONS, INC., One Thousand Five Hundred and 00/100 Dollars ($1,500.00) as reasonable and necessary attorneys' fees if Plaintiff obtains a writ of execution, writ of garnishment, or turnover order for collection of the judgment rendered herein.*

**RESPONSE:**  Denied.

Respectfully submitted,

WILLIAM KLERONOMOS, et al.

John Joseph Sopata

John Joseph Sopata
Attorney at Law, #37341
221 N. LaSalle, Suite 1600
Chicago, IL 60601
Tel. (312) 580-1000

9

## **VERIFICATION**

The undersigned hereby states subject to penalty of perjury pursuant to the laws of the United States that to the best of his knowledge, the statements set forth in the foregoing WILLIAM KLERONOMOS AND PLUSH CHICAGO'S RESPONSES TO J&J SPORTS PRODUCTIONS, INC.'S REQUESTS FOR ADMISION are true and correct except as to matters therein stated to be on information and belief and to such matters the undersigned certifies as aforesaid that he believes the same to be true.

William Kleronomos

10